UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL J. MEDINA, | ) | 1:13CV1183 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | MAG. JUDGE KENNETH S. McHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | MEMORANDUM |
| | ) | <u>AND ORDER</u> |

The court awarded plaintiff Angel M. Medina a total amount of $3,902.85 in attorney fees and related services as the prevailing party in a Social Security case. (Doc. 28.) Medina has now filed a Motion to Alter or Amend the court's order, requesting that the court increase the sixteen hours held allowable for briefing. (Doc. 29.)

A Rule 59(e) motion to alter or amend generally requires a showing of (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; (3) an intervening change in controlling law; or, (4) a need to prevent manifest injustice. Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006)). Medina's motion does not specify the basis for relief under Rule 59. See generally doc. 29.

First, Medina draws the court's attention to an entry for Oct. 31, 2013, which read: "Research and edit Plaintiff's brief; efile same – 19.9 hours." (Doc. 29, at 1-2.) In the order awarding fees, the court had questioned this entry in a footnote. See doc. 28, at 10 n.7.

Medina now explains that this unusual entry of 19.9 hours resulted from billing software automatically assigning a date of entry, regardless of the date on which the services were actually performed. Medina explains that, actually, 9.4 hours should have been entered for October 30, but since the entry was made shortly after midnight (Oct. 30-31), it was inadvertently combined, by the software, with the 10.5 hours entered for October 31. (Doc. 29, at 1-2.)

However, the court's ruling was based on its finding that the fee request for his initial brief, which did not contain any arguments found to be meritorious, was "excessive and unreasonable" as a whole, and not in regard to any specific time entries. (Doc. 28, at 12.)

Medina also asserts that all of the claims asserted were related. (Doc. 29, at 2, citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).) As Medina notes, the Supreme Court in *Hensley* did state that, where a lawsuit consists of related claims, a plaintiff who won substantial relief should not have fees reduced simply because the court did not adopt each contention raised. More appropriate to the case at bar, the Court also stated:

> But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley,* 461 U.S. at 440.

In *Hensley*, the lawsuit was brought on behalf of all persons involuntarily confined in the forensic unit of a Missouri state hospital. *Hensley,* 461 U.S. at 426. The plaintiffs brought suit in federal court against the hospital officials, challenging the constitutionality of treatment and conditions at the hospital. *Id.* at 426. The district court, after a trial, found constitutional violations in five of six general areas of treatment. *Id.* at 427-428. The district court refused to eliminate from the attorney's fees award the hours spent by plaintiffs' attorneys on the unsuccessful claims. *Id.* at 428. The Supreme Court in *Hensley* found that the district court's opinion "did not properly consider the relationship between the extent of success and the amount of the fee award." *Id.* at 438. The Court explained that where

> . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.

*Hensley*, 461 U.S. at 436. In contrast to the significant extent of the relief granted in *Hensley*, 461 U.S. at 438-439, Medina won remand on a single claim.

In any event, in his motion for fees Medina conceded that the court granted relief (in the form of a remand) on only one of seven errors argued by plaintiff. (Doc. 23, at 7.) Medina raised the argument that the time spent on the original brief

3

could not be separated from the time spent on the winning issue. *Id*. The court considered and rejected his argument. (Doc. 28, at 12-13.) The court found that much of the work expended on the initial and amended briefs was of a repetitive nature. (Doc. 28, at 12.) Given that plaintiff prevailed only on a single claim, the court "[did] not find it reasonable to award . . . fees for all of the work done on the initial Brief." (Doc. 28, at 12-13.)

The court awarded 16 hours of fees for briefing work. (Doc. 28, at 13.) Counsel had requested 21.4 hours for the initial brief, 12.9 hours for the amended brief (which added roughly 2.5 pages to the original), and 16.1 hours on the reply brief, which added nothing new. (Doc. 28, at 6, citing doc. 25, at 3.) In other words, the court did not limit its fee award to work done on the amended brief alone. The fee award was a reasonable adjustment of Medina's fee request, in relation to the results obtained.

Medina has failed to demonstrate a basis for relief under Rule 59(e), for example, a clear error of law, or newly discovered evidence. Medina's motion (doc. 29) to alter or amend is DENIED.

IT IS SO ORDERED.

Dated:   Nov. 12, 2015                    /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

4